LOUISA VANDERPOOL v. FRANCIS NOTLEY ET AL.

[See 71 Mich. 422.]

*Chancery appeal bond—Judgment against sureties.*

1. To authorize the rendition of judgment for costs against a surety in a chancery appeal bond under How. Stat. § 7663, a certified copy of the bond must be made a part of the return, to enable the Court to inspect it on the hearing, and ascertain as to its sufficiency for that purpose.

2. Sureties upon a chancery appeal bond are entitled to the earliest action possible after decree made, if the defendant wishes to avail himself of a statutory judgment against them, and avoid the necessity of a suit upon the bond.

Motion for judgment against surety on appeal bond under How. Stat. § 7663. Argued June 4, 1889. Denied June 13, 1889. The facts are stated in the opinion.

*Dallas Boudeman,* for motion.

*Howard & Roos, contra.*

PER CURIAM. The complainant brought her suit in the Kalamazoo circuit, in chancery, and was required by the court to give security for costs. She filed her bond, with L. K. Brody, Jr., as surety therein, in the sum of $200. She prevailed in her suit in the circuit against all the defendants, but on appeal of defendant Notley to this Court the decree was reversed, and bill dismissed as to him, and he was allowed to recover his costs at the last October term of this Court (*ante,* 422), and defendant's costs were subsequently taxed by the clerk at the sum of $218.75.

Defendant now asks for judgment in this Court on motion against the surety, Mr. Brody, under How. Stat. § 7663, for the amount of the bond. That statute reads as follows:

"That whenever any person shall become security for costs for another in any court in this State, whether such security be required by law to be given or be required by order of the court, in case the defendant in any such action shall recover final judgment or decree for costs against the plaintiff or complainant, thereupon judgment or decree shall be immediately and in such suit entered as well against such surety as against such plaintiff or complainant, and execution may issue against such surety in the same manner as if he had been himself a party to such suit."

The return to the appeal does not show any certified copy of the bond, and nothing appeared in the record to justify the entry of judgment against the surety. The decree was taken at the October term, 1888, and the

costs were taxed November 7, 1888. The defendant now bases his motion upon an affidavit showing the above facts, with a certified copy of the bond attached, and upon the return made in the cause.

*Held,* the motion comes too late ; that the return should have contained a certified copy of the bond ; that the sureties are entitled to the earliest action possible after decree made, if the defendant wishes to avail himself of the benefit of the statute, and avoid the necessity for a suit upon the bond. No effort was made for an amended or further return, bringing a certified copy of the bond into the record of the case here, and it is now too late to do so, judgment having been perfected, and the costs taxed, and the return remanded to the circuit. A certified copy of the bond must be in this Court when the case is heard, that it may be inspected by the Court, and ascertained whether or not it is sufficient to authorize judgment to be entered thereon as provided by the statute.